## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

PAMELA WEBB,           )
                                    )
      Plaintiff,        )
                                    )
      v.                 )         No. 14-03133-CV-S-DGK-SSA
                                    )
CAROLYN W. COLVIN,       )
Acting Commissioner of Social Security,   )
                                    )
      Defendant.      )

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Pamela Webb seeks judicial review of the Commissioner of Social Security's denial of her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff suffered from several severe impairments, including mild degenerative disk disease and scoliosis of the lumbar spine, asthma, and fibromyalgia, but retained the RFC to perform her past relevant work as a telephone solicitor.

Because substantial evidence supports the ALJ's determination, the Commissioner's decision denying benefits is AFFIRMED.

### Factual and Procedural Background

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her disability applications on April 5, 2012, alleging an onset date of August 16, 2011. The Commissioner denied her applications, and Plaintiff subsequently requested a hearing with an ALJ. On July 9, 2013, the ALJ issued an unfavorable decision.

Plaintiff sought review from the Appeals Council, and on January 28, 2014, it denied Plaintiff's request, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

Case 6:14-cv-03133-DGK   Document 12   Filed 12/18/14   Page 2 of 6

Plaintiff attacks the ALJ's Step Four determination in two respects. First, Plaintiff contends that the ALJ erred in evaluating her credibility. Second, Plaintiff asserts that the ALJ erred in weighing the opinion evidence, thus resulting in a RFC unsupported by substantial evidence. The Court addresses each argument in turn.

## A. Substantial evidence supports the ALJ's credibility determination.

Plaintiff first argues that the ALJ improperly discounted her subjective complaints of pain by ignoring credibility factors that weighed in her favor. The Court finds this argument to be without merit.

The ALJ's evaluation of a claimant's credibility is crucial to the RFC determination because it influences the inclusion or exclusion of alleged limitations. *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). Thus, the credibility inquiry is often the threshold step in the ALJ's RFC determination. *Id.* In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the claimant and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. 20 C.F.R. §§ 404.1529, 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ articulates the inconsistencies that undermine the claimant's subjective complaints and those inconsistencies are supported by the record, the ALJ's credibility determination should be affirmed. *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004).

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Here, substantial evidence supports the ALJ's decision to discount Plaintiff's credibility. As a threshold matter, Plaintiff ignores the numerous adverse findings that support the ALJ's credibility analysis. The ALJ listed a litany of well-supported reasons for disbelieving the full extent of Plaintiff's complaints including that: (1) she worked for several years despite experiencing what she described as chronic symptoms; (2) she directly ignored treatment advice or failed to seek treatment altogether; (3) she made inconsistent statements about her pain; (4) she tended to exaggerate symptoms; and (5) her complaints were somewhat inconsistent with the objective medical evidence. R. at 26-31, 78-79, 286, 375-82, 390-93, 414, 417, 407-08, 417, 424, 437, 439, 446, 465-66, 460, 483, 491. These are all legally valid reasons for discounting a claimant's credibility. *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010) (ALJ may discount claimant's credibility based on a history of symptom exaggeration); *Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) (ALJ may discount credibility if claimant continues to work despite alleging disabling limitations); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (ALJ may discount claimant's credibility for failure to follow a prescribed treatment plan); *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003) (ALJ may discount subjective complaints that conflict with medical records); *Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996) (ALJ may discount credibility if claimant fails to *regularly* pursue medical treatment).

And there is no merit to Plaintiff's contention that the ALJ ignored her limited daily activities and medical records supporting her subjective complaints. On the contrary, the ALJ explicitly acknowledged this evidence in her opinion, but ultimately found Plaintiff's credibility lacking given the numerous inconsistencies noted above. R. at 26-30. Thus, the Court will not disturb the ALJ's credibility analysis.

4

**B. Substantial evidence supports the ALJ's weighing of the opinion evidence.**

Plaintiff next contends the ALJ erred by discounting the opinion of her treating physician Dr. Mark Bower, M.D. ("Dr. Bower"), and according significant weight to the opinion of one-time reviewing physician Dr. Thomas Corsolini, M.D. ("Dr. Corsolini"). The Court finds both arguments lack merit.

Where, as here, the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts between them. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ must assign controlling weight to a treating physician's opinion if that opinion is well-supported and not inconsistent with other evidence in the record. 20 C.F.R §§ 404.1527(c)(2), 416.927(c)(2). An ALJ, however, cannot give controlling weight to the doctor's opinion if it is not supported by medically acceptable laboratory and diagnostic techniques, or if the opinion is inconsistent with the other substantial evidence of record. *Id.*; *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010). "[A]n ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence." *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011) (internal quotation marks omitted).

If an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so. *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002). Once the ALJ has decided how much weight to give a medical opinion, the court's role is limited to reviewing whether substantial evidence supports this determination, not deciding whether the evidence supports the plaintiff's view of the evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010).

Here, the ALJ gave several good and well-supported reasons for discounting Dr. Bower's opinion. First, and foremost, substantial evidence supports the ALJ's finding that Dr. Bower's

opinion was inconsistent with the other medical evidence in the record. For instance, while Dr. Bower noted sweeping functional limitations due to Plaintiff's back pain, R. at 462-63, the objective medical evidence in the record, including examinations and diagnostic tests, suggests only mild structural abnormalities and functional limitations. 390-91, 402, 407-09, 414, 417, 424, 427-28, 430-31, 433-34, 448, 460, 466, 482-83, 491. Second, Dr. Bower's treatment notes do not support the limitations assessed in his opinion. R. at 422-25, 470-73. Finally, Dr. Bower's opinion is nothing more than a conclusory checklist form with no explanation or citation to supporting evidence. R. at 462-63. Such forms are of little value. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) ("First, the ALJ properly discounted Dr. Burstain's opinion because it was conclusory. The opinion consists of three checklist forms, cites no medical evidence, and provides little to no elaboration.").

With Dr. Bower's opinion properly set aside, the ALJ then relied upon Dr. Corsolini's opinion. R. at 30. The ALJ did not err in doing so. Although Dr. Corsolini only examined Plaintiff on one occasion, his opinion is more thoroughly explained and more consistent with the record than Dr. Bower's. R. at 407-409; *see Martise*, 641 F.3d at 925. Accordingly, the Court finds no error in the ALJ's weighing of the opinion evidence.

## Conclusion

Because substantial evidence supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 18, 2014                           /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT